60 F.3d 839
 40 Cont.Cas.Fed. (CCH) P 76,780
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MALLORY ELECTRIC COMPANY, Appellant,
v.
John H. DALTON, Secretary of the Navy, Appellee.
 No. 94-1432.
 United States Court of Appeals, Federal Circuit.
 April 5, 1995.
 
 Before NEWMAN, CLEVENGER, and SCHALL, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Mallory Electric Company (Mallory) appeals from the March 31, 1994 decision of the Armed Services Board of Contract Appeals (Board) in Mallory Electric Co., ABSCA Nos. 41399, 41403, 94-2 BCA p 26,841. In its decision, the Board denied Mallory's appeal of two final decisions by a contracting officer of the Atlantic Division of the Naval Facilities Engineering Command. In his decisions, the contracting officer rejected Mallory's claims in the amounts of $502.39 and $402.13 under a contract between Mallory and the Atlantic Division for the replacement of two primary distribution transformers at the Oceana Naval Air Station in Virginia. The sums at issue represented interest due on claims for amounts temporarily withheld from Mallory by the Navy on two separate progress payments under the contract.[1] In his final decisions, the contracting officer determined that the amounts had been properly withheld pending installation and testing of the electrical equipment and that, accordingly, Mallory was not entitled to the interest it was seeking in the total amount of $904.52. Because the decision of the Board is not supported by substantial evidence, we reverse.
 
 DISCUSSION
 
 2
 This court reviews the Board's conclusions of law de novo. 41 U.S.C. Sec. 608(b) (1988); United States v. Dekonty Corp., 922 F.2d 826, 827 (Fed. Cir. 1991). However, the Board's findings of fact are final and conclusive and should not be set aside unless they are "arbitrary, capricious, based on less than substantial evidence, or rendered in bad faith." N.I. Indus., Inc. v. United States, 841 F.2d 1104, 1106 (Fed. Cir. 1988) (citing 41 U.S.C. Sec. 608(b) (1988)).
 
 
 3
 Mallory's contract with the Navy incorporated by reference the Federal Acquisition Regulations (FAR) standard "Payments Under Fixed-Price Construction Contracts" clause which provided, in relevant part, that the Navy "shall make progress payments monthly ... on estimates of work accomplished" and that "[i]n the preparation of [these] estimates [of work accomplished,] the Contracting Officer may authorize material delivered on the [construction] site ... to be taken into consideration." FAR 52.232-5(b) (AUG 1987) (emphasis added).
 
 
 4
 Shortly prior to performance of Mallory's contract, the Atlantic Division adopted an internal guideline known as "the Mackey Rule" for administering progress payments for materials delivered by contractors to construction sites. The Mackey Rule recommended, but did not require, that for certain complex pieces of equipment such as the electrical equipment at issue in this case, twenty percent of the progress payments be withheld until after the contractor installed and tested the equipment. The Mackey Rule was embodied in an Atlantic Division memorandum. However, it was never promulgated as a regulation, and Mallory had no knowledge of it at any time prior to contract performance.
 
 
 5
 Pursuant to the Mackey Rule and the "Payments Under Fixed-Price Construction Contracts" clause, the contracting officer temporarily withheld from Mallory twenty percent of each of two progress payments for electrical equipment until after the equipment had been installed and tested. It was this action which led to Mallory's claims and subsequent appeals to the Board.
 
 
 6
 Before the Board, Mallory argued that, during the bidding process, it had relied on the Atlantic Division's practice in past contracts of making full progress payments to Mallory when it delivered equipment to construction sites. Robert L. Mallory, Mallory's vice president, testified that, in preparing the contract bid, he had assumed the Navy would continue its past practice of making full progress payments for equipment as it was delivered. In making this argument, Mallory sought to bring its case within the scope of the holding in C. Lawrence Constr. Co., Inc., ABSCA No. 45270, 93-3 BCA p 26,129 (1993). In that case, the Board held that where a bidding contractor assumes, based on its own past experience, that full progress payments will be made for materials stored at a construction site, it is an abuse of discretion for a contracting officer to withhold such payments on the ground that the contractor has not yet paid its supplier. The Board so held in C. Lawrence notwithstanding that the contract at issue expressly provided the contracting officer with discretion in making progress payments, and notwithstanding that the contracting officer followed an unpublished agency directive in withholding the progress payments. C. Lawrence, 93-3 BCA at 129,888. In denying Mallory's appeal, the Board agreed with the Navy's contention that Mallory had failed to establish reliance on the Atlantic Division's prior practice. The Board therefore declined to apply C. Lawrence in order to limit the contracting officer's discretion.
 
 
 7
 On appeal, Mallory contends that the Board's finding that it failed to show reliance on the Atlantic Division's past practice is not supported by substantial evidence. Consequently, Mallory asserts, C. Lawrence applies. As a result, Mallory argues, in view of the Atlantic Division's past practice, the contracting officer abused his discretion by temporarily withholding progress payments and by denying Mallory's claim for interest thereon. The Navy responds that the finding of the Board with respect to Mallory's alleged reliance on past Atlantic Division practice is supported by substantial evidence and that therefore we should affirm.
 
 
 8
 In view of the evidence of record, we hold that the Board's finding that Mallory failed to show reliance on the Navy's past practice is not supported by substantial evidence. Accordingly, C. Lawrence controls.[2] Thus, the Board erred in ruling that the contracting officer did not abuse his discretion in withholding twenty percent from each of the two progress payments at issue.
 
 
 9
 Mallory provided uncontroverted testimony that, in preparing its bid, it assumed that the Navy would, as it had in the past, make full progress payments for equipment when it was delivered to the construction site. No evidence to the contrary was presented. Absent some legitimate challenge to the veracity of Mr. Mallory's testimony, the Board should not have found it insufficient simply because Mallory did not also provide corroborating documentary evidence in the form of bid preparation papers.
 
 
 10
 In sum, because Mallory demonstrated that it relied on the Atlantic Division's past practice of making full progress payments as equipment was delivered to construction sites, the Board's contrary finding is not supported by substantial evidence. Accordingly, in light of C. Lawrence, the Board erred in holding that the contracting officer did not abuse his discretion in withholding twenty percent of each of the two progress payments at issue.
 
 
 
 [1]
 After the Navy paid the withheld amounts, Mallory's claims automatically became ones solely for interest
 
 
 [2]
 Despite the Navy's arguments to the contrary, we find that C. Lawrence is not factually distinguishable from the present case. In the present case, the Navy has accepted C. Lawrence as good law and has not asked us to overrule it. Consequently, we need not address the question of whether that case was correctly decided